UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br><br>Plaintiff,<br><br>v.<br><br>JAMI CAROLINE WILSON et al.,<br><br>Defendants. | Case No. 20-cv-01076-JD<br><br>**ORDER RE IFP APPLICATION AND DISMISSING COMPLAINT**<br><br>Re: Dkt. Nos. 1, 4 |

Pro se plaintiff Michael Wilson alleges that his former wife and others associated with her have deprived him of the companionship and affection of his daughter since 2010. The complaint mentions several California Penal Code provisions but states one claim under California Civil Code Section 49, which in pertinent part forbids the "abduction or enticement of a child from a parent, or from a guardian entitled to its custody." Cal. Civ. Code § 49(a). Wilson has asked to proceed in forma pauperis ("IFP"). Dkt. No. 4. The request is granted, but the complaint is dismissed with leave to amend.

IFP requests are evaluated under 28 U.S.C. § 1915, and the first question is whether a plaintiff's financial status excuses payment of the court's filing fees. The answer here is yes. Wilson states he has not been employed since 2013, has no assets of any value, and some debts. Dkt. No. 4. Wilson meets the financial qualification for IFP status.

The next question is whether the complaint is sufficient to stand, and the answer is no. The Court may "at any time" dismiss an IFP complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The standard is the same as under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). As a pro se plaintiff, Wilson gets a liberal construction of his complaint and the benefit of any doubts, but he still must

satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim. *Nguyen Gardner v. Chevron Capital Corp.*, No. 15-CV-01514-JD, 2015 WL 12976114, at *1 (N.D. Cal. Aug. 27, 2015).

Wilson has not alleged a claim under Section 49. California courts have long held that Section 49 "definitely limits the causes of action" to the predicates enumerated in the statute, which in this case are abduction or enticement of a child. *Rudley v. Tobias*, 190 P.2d 984, 986 (Cal. Ct. App. 1948) (internal quotation omitted). There is no plausible allegation in the complaint that Wilson's daughter was kidnapped or enticed. Rather, the complaint focuses on alleged interference with Wilson's relationship with and access to his daughter, which is not a recognized cause of action under California law. *See Smith v. Pust*, 19 Cal. App. 4th 263, 268-69 (1993); *In re Marriage of Segel*, 179 Cal. App. 3d 602, 607 (1986); *see also* Cal. Civ. Code § 43.5(a).

Wilson may file an amended complaint by June 22, 2020, that is consistent with this order. A failure to file by that date will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 12, 2020

JAMES DONATO
United States District Judge

2