UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>JAMI CAROLINE WILSON, et al.,<br><br>    Defendants. | Case No. 20-cv-01076-JD<br><br>**ORDER DENYING DISQUALIFICATION REQUEST**<br><br>Re: Dkt. No. 16 |

    Pro se plaintiff Michael Wilson has filed a request for judicial disqualification. Dkt. No. 16. The request is denied.

    Wilson filed a complaint against his ex-wife and her lawyers, among others, for an alleged conspiracy involving custody of a daughter. Dkt. No. 1. In the course of reviewing Wilson's application to proceed in forma pauperis, the Court approved IFP status and dismissed the complaint with leave to amend for failure to allege a plausible claim. Dkt. No. 6. Wilson timely filed a first amended complaint. Dkt. No. 7.

    After that, Wilson filed a letter and declaration requesting disqualification of the undersigned as one of the "31 judges on this Court's bench" who "have failed to notice" that N.D. Cal. Civil Local Rule 7-3 is "incompatible" with the Federal Rules of Civil Procedure. Dkt. No. 16-1 ¶¶ 7, 12. Local Rule 7-3 deals with the filing of opposition briefs. It is Wilson's view that there are "incompatibilities between the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and Civil L.R. 7-3" having to do with the precise wording by which deadlines are set in Civil Local Rule 7-3, *e.g.*, whether the time for a response begins to run from the date a motion was "filed" as opposed to when it was "served," and requiring documents to be "filed and served" by a certain time. *See* Dkt. No. 16-1. Wilson believes this can "drastically shorten the time individuals without ECF access have to respond by serving documents through First Class United States mail,

which usually takes two to three days within Northern California." *Id*. ¶ 8.  Wilson appears to have sent a letter to similar effect to the Chief Judge of the Ninth Circuit.  Dkt. Nos. 13, 14.  Wilson also filed a notice of appeal soon after filing his disqualification request here, which effectively froze the case, but that appeal has now been dismissed for lack of jurisdiction.  Dkt. Nos. 17, 18, 19.

Nothing in the disqualification request is even remotely a basis for disqualifying this or any other judge in this district.  As a practical matter, Wilson cannot point to a genuine problem with Local Rule 7-3 because he, along with all other pro se litigants, was granted ECF access during the COVID-19 pandemic.  *See* General Order No. 72-6 at 2 ("The requirement under Civil Local Rule 5-1(b) that a pro se party must request permission from the assigned judge to use the court's Electronic Case Filing (ECF) system is suspended pending further notice.").

As a legal matter, even assuming purely for discussion that the ostensible incompatibility he points out has some merit, it does not establish "an intolerable risk of bias" of the sort that might warrant disqualification.  *Hurles v. Ryan*, 752 F.3d 768, 789 (9th Cir. 2014).  It is miles away from demonstrating that, "under a realistic appraisal of psychological tendencies and human weakness, the [judge's] interest poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." *Id*. (internal quotations and citation omitted).  Our district's local rules are not grounds for finding an impermissible "interest" of any sort by any judge in service here, including this one.

Wilson also fails to show that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *National Abortion Federation v. Center for Medical Progress*, 257 F. Supp. 3d 1084, 1089 (N.D. Cal. 2017) (quoting *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008)).  For this test, which governs Wilson's disqualification request under 28 U.S.C. § 455(a) and § 455(b)(1), the "reasonable person" is not "someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *Id*. (quoting *Holland*, 519 F.3d at 913-14).  On that note, Wilson asserts that he is "certain that you and/or your predecessors intentionally created and have maintained and enforced those incompatibilities for the predominant purpose of depriving me and

2

individuals like me of our rights, especially our rights to full and equal access to court and to due process." Dkt. No. 16-1 ¶ 12.  This is rank speculation unsupported by an iota of evidence, and is no basis for recusal.  *See Clemens v. U.S. Dist. Court for the Central Dist. Of Cal.*, 428 F.3d 1175, 1180 (9th Cir. 2005); *Yagman v. Republic Ins*., 987 F.2d 622, 626 (9th Cir. 1993).

A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens*, 428 F.3d at 1179.  The disqualification request is denied.

**IT IS SO ORDERED.**

Dated:  December 3, 2020

_____
JAMES DONATO
United States District Judge